# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LARRY B. FRASIER, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0039-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of error *coram nobis* filed by a person previously convicted and sentenced in this court.[1]

Parties: Petitioner presently resides in Jacksonville, Florida. Respondent is the United States of America.

The court has not issued process in this case, pending preliminary screening. On February 7, 2008, the magistrate judge issued a questionnaire. On February 22, 2008, Petitioner

---

[1] Petitioner initially filed this *coram nobis* petition in *United States v. Frasier*, 3:01-CR-075-M (N.D. Tex., Dallas Div., Dec. 17, 2007). On January 8, 2008, the magistrate judge ordered the clerk to docket the petition as a new civil action because Petitioner had fully served his sentence in No. 3:01-CR-075-M. Petitioner subsequently paid the $5.00 filing fee.

filed an objection to the referral of this case to the magistrate judge. While he objected to the questionnaire, he also submitted evasive and incomplete answers. Although the magistrate judge granted Petitioner an opportunity to provide full and complete answers to each question propounded, Petitioner declined to do so in his March 11, 2008 response.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of tax evasion. *United States v. Larry B. Frasier*, 3:01cr075-M(01) (N.D. Tex., Dallas Div.). On March 26, 2002, the court entered judgment sentencing Petitioner to thirty-seven months imprisonment, restitution of $103,438.58, and a supervised-release term of 36 months. *Id.* His conviction was affirmed on direct appeal. *Frasier v. United States*, No. 02-10403 (5th Cir. Nov. 13, 2002). Subsequently, he filed three motions to vacate sentence under 28 U.S.C. § 2255. Petitioner withdrew the first and second motions, and the court dismissed the third motion as barred by the one-year statute of limitations. *See Frasier v. United States*, Nos. 3:03cv804, 3:04cv0195, and 3:04cv1548 (N.D. Tex.).

In the instant petition for writ of error *coram nobis*, Petitioner again seeks to challenge his conviction for tax evasion in 3:01cr075-M. He reiterates the grounds raised in his third § 2255 motion. Specifically, he alleges the indictment was defective, the trial court lacked jurisdiction, the Internal Revenue Service (IRS) and U.S. Attorney's Office lacked investigative and prosecutorial authority, and counsel rendered ineffective assistance.

Findings and Conclusions: A writ of error *coram nobis* is an "extraordinary remedy" intended to achieve justice when "errors of the most fundamental character" have occurred in a criminal proceeding. *United States v. Morgan*, 346 U.S. 502, 511-12, 74 S. Ct. 247, 252-43, 98 L. Ed. 248 (1954) (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S. Ct. 16, 19, 59 L. Ed.

129 (1914)). It is available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989) (citations omitted); *see also United States v. Castro*, 26 F.3d 557, 559 n. 3 (5th Cir. 1994). The remedy of *coram nobis* "should issue to correct only errors which result in a complete miscarriage of justice." *Marcello*, 876 F.2d at 1154 (citing *Morgan*, 346 U.S. at 512, 74 S.Ct. at 253).[2]

In an effort to determine whether Petitioner can make a prima facie showing that he is currently suffering civil disabilities as a consequence of his federal conviction in this court, the magistrate judge issued a questionnaire to Petitioner. As noted above, Petitioner objected to the referral of the case to the magistrate judge and to the questionnaire. His answers are evasive and incomplete. For example, he claims that his conviction in 3:01cr075-M does not exist, even though his initial pleading specifically identified the same docket number. Even when liberally construed, Petitioner's pleadings fail to demonstrate any civil disabilities caused by his criminal conviction in cause number 3:01-CR-075-M. In his objection to the questionnaire, he alleges in a conclusory fashion the following alleged civil disabilities: he lost his boat and house, he cannot find employment, his net worth is zero, and his credit rating is nonexistent. (Doc. #9, answer to Question 4 at p. 3) Such allegations fail to meet his burden of proof. Moreover, the district court and court of appeals have previously rejected in whole or in part the claims raised

---

[2] In light of the Supreme Court's decision in *Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467-68, 134 L.Ed.2d 613 (1996), the continuing viability of the writ of *coram nobis* is open to question.

in the coram nobis petition. *See* Jun. 15 and Sep. 4, 2001 orders in 3:01cr075-M (Docket #37 and #46); and Nov. 13, 2002 Fifth Circuit Court of Appeals' opinion affirming the conviction and sentence in No. 02-10403. Therefore, the petition for writ of error *coram nobis* should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of error *coram nobis* be DENIED.

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 20th day of May, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.